UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HORACE E. PAYNE,

                              Plaintiff,                      09-CV-1634 (CS)

              - against -                      **MEMORANDUM
                                               <u>DECISION AND ORDER</u>**

SEAN MALEMATHEW, ARIF KHAN, and
THE GAP, INC.,

                              Defendants.
------------------------------------------------------------------------x
<u>Seibel, J.</u>

       Before the Court is Defendants' Motion to Dismiss Plaintiff's Second Amended

Complaint.  (Doc. 20.)  For the reasons stated below, the motion is GRANTED.

I.  <u>Background</u>

       Plaintiff alleges in the Second Amended Complaint ("SAC"), (Doc. 19), that the

Defendants – his employer and two supervisors – violated Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), by discriminating against him on the basis of

race, religion, and national origin, and violated the Age Discrimination in Employment Act, 29

U.S.C. §§ 621, *et seq.* ("AEDA"), by discriminating against him on the basis of age.  (SAC at 1.)

He alleges that he experienced this discrimination in connection with the conditions of his

employment and his termination, and that the Defendants retaliated against him.  (*Id.* at 2-3.)

       Plaintiff alleges that he was hired in March 2004 as a seasonal and then permanent

associate at The Gap, Inc., and in April 2005 became a methods analyst in the engineering

department.  (*Id*. at 5.)  While in that capacity, he allegedly experienced the following

"harassment": (1) he alone was required to punch in and out; (2) he was admonished for

lateness; (3) reports he created were "altered (sabotaged)"; and (4) he was unable to satisfy his

manager even though he was praised by another manager for a specific task he performed when his manager was on vacation.  (*Id.* at 5-6.)  He was apparently fired at some point in 2007.  (*See id.* at 3.)

II.  Applicable Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (alteration, citations, and internal quotation marks omitted).  While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Iqbal*, 129 S. Ct. at 1950.

In considering whether a complaint states a claim upon which relief can be granted, the court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determine whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief."  *Id.* Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

2

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, [courts] read them with 'special solicitude' and interpret them 'to raise the strongest arguments that they *suggest*.'" *Roman v. Donelli*, 347 F. App'x 662, 663 (2d Cir. 2009) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)).[1]

III.   Discussion

As an initial matter, only employers, not individuals, may be sued under Title VII, *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004), and the ADEA, *Mabry v. Neighborhood Defender Serv.*, 769 F. Supp. 2d 381, 391 (S.D.N.Y. 2011).  Accordingly, the claims against Defendants Sean Malemathew[2] and Arif Khan are dismissed.

A.   Termination

Review of the SAC reveals no facts whatsoever regarding alleged discrimination on the basis of religion, color or national origin aside from Plaintiff's allegations that he is Seventh-Day Adventist, African-American and Jamaican.  (SAC at 3.)  He does not refer to these facts anywhere in the narrative portion of his complaint, except for the entirely conclusory statement that he "know[s] for sure" that he was mistreated on the basis of "age, and probably one or more of . . . race, national origin and . . . religion."  (*Id.* at 6.)  No effort has been made to tie his termination to his religion, color or national origin, and nothing in the SAC plausibly suggests

---

[1]      Copies of all unpublished opinions cited herein will be sent to the *pro se* Plaintiff along with this Memorandum Decision and Order.

[2]      Defendants state that the correct name is Shawn Manimalethu.  (Memorandum of Law in Support of Defendants' Motion to Dismiss in Lieu of Answer at 1.)

that those factors prompted his dismissal.  "A plaintiff is required to set forth factual circumstances from which a discriminatory motivation can be inferred."  *Perry v. State of N.Y. Dep't of Labor*, No. 08-4610, 2009 WL 2575713, at *2 (S.D.N.Y. Aug. 20, 2009), *aff'd*, 398 F. App'x 628 (2d Cir. 2010).  Accordingly, the Title VII claims are dismissed, as Plaintiff's assertions regarding race, religion and national origin "constitute the type of 'labels and conclusions' or the 'formulaic recitation of the elements of a cause of action' deemed by *Twombly* as insufficient to state a claim for relief."  *Id.* at 3 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff does allege facts relating to age in the narrative portion of the SAC, but he alleges only that the engineering department consisted of two engineers and a manager, all in their thirties, and himself.  (SAC at 6.)  This fact does nothing to meet Plaintiff's obligation to provide in the SAC enough facts to "nudge[ his] claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  A plaintiff's ultimate burden under the ADEA is to prove that age was the "but-for" cause of the employer's adverse action.  *Gross v. FBL Fin'l Servs., Inc.*, 129 S. Ct. 2343, 2351 (2009).  He or she need not plead but-for causation, but an ADEA complaint must "contain sufficient facts to make plausible the conclusion that 'but for' [his] age, Plaintiff[] would still be employed."  *Fagan v. U.S. Carpet Installation, Inc.*, Nos. 10-1411, 10-1459, 2011 WL 923965, at *7 (E.D.N.Y. Mar. 10, 2011) (internal quotation marks omitted).  Plaintiff here has pleaded nothing beyond the fact that he was the oldest employee in his department and was let go.  "That [Plaintiff] was the oldest [employee] at the [duty station] does not support an inference of discrimination."  *Vargas v. Manhattan & Bx. Surface Transit Operating Auth.*, No. 08-9254, 2010 WL 1783555, at *5 (S.D.N.Y. Apr. 30, 2010); *see Holowecki v. Fed. Express Corp.*, 644 F. Supp. 2d 338, 355 (S.D.N.Y. 2009) ("bald assertion" that plaintiff was oldest courier in station was insufficient to give rise to inference of age

discrimination), *aff'd*, 382 F. App'x 42 (2d Cir. 2010); *Hawkins v. Astor Home for Children*, No. 96-8778, 1998 WL 142134, at *7-8 (S.D.N.Y. Mar. 25, 1998) (mere fact that plaintiff was oldest employee at time of termination represented only one decision of defendant and did not give rise to inference of age discrimination).  I am mindful that Plaintiff is *pro se* and his complaint is therefore to be read liberally, *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)), but even affording the SAC that "special solicitude," *Perry*, 2009 WL 2575713, at *3, there is simply nothing in the SAC from which one might reasonably infer that Plaintiff's termination was based on his age.  "To the limited extent that the [SAC] asserts discrimination, it does so only in a conclusory fashion." *Id.*; *see Zucker v. Five Towns Coll.*, No. 09-4884, 2010 WL 3310698, at *2-3 (E.D.N.Y. Aug. 18, 2010) (allegations that plaintiff's work performance was satisfactory, he was replaced by a younger person, and he was subjected to unjustified criticism insufficient to survive motion to dismiss because they suggest only that plaintiff may have been treated unfairly, not that he was so treated because of animus based on age).[3]  Accordingly, Plaintiff's ADEA claim must be dismissed.

---

[3]     In his opposition to the motion to dismiss, Plaintiff alleged that he was replaced by two younger associates.  (Memorandum of Law in Support of Plaintiff's Motion in Appeal [*sic*] to Defendants' Motion to Dismiss at 2.)  Defendants submitted with their reply papers an affidavit to the effect that Plaintiff's position was not filled after his dismissal.  (Certification of Shawn Manimalethu ¶ 2.)  I will disregard both assertions, as neither a memorandum of law nor an affidavit are properly considered in connection with a motion to dismiss.  *See Friedl v. City of N.Y.*, 210 F.3d 79, 83-84 (2d Cir. 2000).  In any event, even if I were to assume that Plaintiff was in fact replaced by younger persons, that would be insufficient to make plausible the inference that his termination was motivated by age discrimination.  *See Zucker*, 2010 WL 3310698, at *2.  While courts have gone both ways on the issue, I agree with the *Zucker* court that: (1) allegations that plaintiff performed satisfactorily and was replaced with a younger person merely allow for the possibility that age discrimination was at work but do not raise that possibility above a speculative level; (2) if such "barebones allegations" were sufficient to state a claim, any time an employee over 40 were fired, the employer would be unable to replace him or her with a younger person without opening itself up to liability; and (3) because everyone is a member of protected classes, employers could avoid an inference of discrimination only by replacing fired employees

B.  Hostile Work Environment

Plaintiff has alleged that he experienced unequal terms and conditions of employment, (SAC at 3), and states he was subjected to "a continuous program of harassment," apparently arising from frequent criticisms (including "counselings" and "corrective actions") relating to his performance.  (*Id.* at 5; *see id.* at 6).  Although it is not clear what Plaintiff intends to claim, I interpret these allegations as a claim for a discrimination-based hostile work environment.  To state a claim for a hostile work environment, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive – that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's membership in a protected class.  *See Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007).  The hostility of a work environment is evaluated based on the totality of the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is threatening and humiliating or merely offensive, and whether it unreasonably interferes with the plaintiff's work performance.  *Id.*  As with his termination claim, Plaintiff provides no facts supporting the inference that the criticisms he endured were based on his age, religion, race or origin.  *See Brennan v. Metro. Opera Ass'n.*, 192 F.3d 310, 318 (2d Cir. 1999) (hostile work environment claim requires hostility because of membership in protected class).  In addition, he provides no specifics regarding of what the "harassment" consisted, how it affected his ability to do his job, or how severe or pervasive it was.  "[T]his kind of non-specific allegation . . . . does not survive the Supreme Court's 'plausibility standard,' as most recently

---

with "virtual clone[s]" of the terminated employee.  *Id.*  Thus, Plaintiff's claim would be insufficient even if he had properly alleged that he was replaced by younger persons.

clarified in *Iqbal.*"  *Argeropoulos v. Exide Techs.*, No. 08-3760, 2009 WL 2132443, at *6

(E.D.N.Y. July 8, 2009) (internal citations omitted);[4] *see Fleming v. MaxMara USA, Inc.*, 371 F.

App'x 115, 119 (2d Cir. 2010) (excessive criticism of work, exclusion from meetings, rudeness

and arbitrary imposition of work do not support finding of severe and pervasive abusive work

environment).

   Assuming the harassment consists of the work-related criticisms and corrective actions,

"[t]he [SAC] gives no indication of the nature, frequency, or severity of any such discipline,

evaluation, scrutiny, or other treatment, or whether it unreasonably interfered with Plaintiff's

work performance."  *Miller v. City of Ithaca*, No. 10-597, 2010 WL 3809842, at *7 (N.D.N.Y.

Sept. 22, 2010).  Further, "[n]egative job evaluations and increased scrutiny, without any

attendant consequences such as demotion or diminution of wages, are not considered adverse

employment actions which can support a hostile work environment claim."  *Anderson v. State of

N.Y.*, 614 F. Supp. 2d 404, 424 (S.D.N.Y. 2009); *see Lucenti v. Potter*, 432 F. Supp. 2d 347, 363

(S.D.N.Y. 2006) ("Allegations of even constant reprimands and work criticism by themselves

are not sufficient to establish a hostile environment claim.").  "[T]he Court need not accept as

true Plaintiff's conclusory and entirely non-specific allegation that" he suffered "continuous"

discrimination based on his age, race, origin or color.  *Argeropoulos*, 2009 WL 2132443, at *6

---

   [4]  Unlike Plaintiff here, the plaintiff in *Argeropoulos* specified two statements
expressly referring to his national origin in a disparaging fashion, and described those instances
as examples of what occurred to him on a daily basis.  *See* 2009 WL 2132443, at *5-6.  Here
Plaintiff provides only one example of what he considers unfair treatment:  that he was criticized
for being late to work on a day when he was late because he was sick to his stomach.  (SAC at
5.)  He provides no basis, apart from conclusory statements, for inferring that that criticism was
part of a continuing pattern, let alone a severe and pervasive one, and sets forth not a single
example of statements disparaging a protected class or any other reason to believe that anything
that happened to him was based on his membership in such a class.

"Simply stated, while Plaintiff asserts facts suggesting that he may have suffered various unpleasant incidents at the workplace, considering the allegations individually and in their totality, the factual allegations of the [SAC] do not plausibly suggest sufficient severity, pervasiveness, or a race-based motive."  *Miller*, 2010 WL 3809842, at *8.  Accordingly, the hostile work environment claims are dismissed.

    C.  Retaliation

Plaintiff also alleges that he was subjected to illegal retaliation.  (SAC at 3, 7.)  The sole fact he alleges to support that claim is that "at one point I did make that complaint [of discrimination], and was interviewed by a HR Generalist as a result."  (SAC at 7.)   To state a retaliation claim, a plaintiff must plead facts tending to show that: (1) he participated in protected activity of which the defendant was aware; (2) the defendant thereafter took adverse employment action against him; and (3) there is a causal connection between the protected activity and the adverse action.  *See Perry*, 2009 WL 2575713, at *4.  Plaintiff does not specify when his complaint was made, or what happened after that that could be regarded as retaliatory.  *See id.* at *5 (unclear what plaintiff intended to claim as adverse action).  And while "[a] plaintiff may assert [a] causal connection through allegations of retaliatory animus, or else by circumstantial evidence, such as close temporal proximity between the protected activity and the retaliatory action," *id.* at *6, Plaintiff here alleges neither.  He does not say when the complaint occurred in relation to his termination or whatever other adverse action he regards as retaliatory, and he offers no facts suggesting that any of those acts were prompted in any way by the complaint.  *See Male v. Tops Mkts. LLC*, No. 08-6234, 2010 WL 4319769, at *3 (W.D.N.Y. Oct. 29, 2010) (causal connection aspect of retaliation claim not plausible where, among other things, plaintiff did not say when adverse action occurred in relation to protected activity).  Indeed, the

SAC "contains no allegation that the decision makers responsible for [the termination or whatever other adverse action he regards as retaliatory] were aware that the plaintiff" had engaged in the protected activity of complaining about discrimination. *Perry*, 2009 WL 2575713, at 6. In short, because Plaintiff has failed to provide any specifics regarding his complaint or any adverse action that followed, and has failed to provide facts sufficient to raise an inference that the adverse action was caused by retaliatory animus, his retaliation claim must be dismissed. *See Horne v. Buffalo Police Benevolent Ass'n, Inc.*, No. 07-781, 2010 WL 2178813, at *8 (W.D.N.Y. May 28, 2010) (retaliation claim dismissed where plaintiff, among other things, did not specify grievances filed and made out no causal connection between grievances and adverse action); *Argeropoulos*, 2009 WL 2132443, at *6 (dismissing retaliation claim when where plaintiff alleged only that harassment got worse after he complained, but did not say how).

* * *

Because the SAC amounts to "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Iqbal*, 129 S. Ct. at 1949, it must be dismissed.

D. <u>Leave to Amend</u>

Leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). But it is within the sound discretion of the district court to grant or deny leave to amend, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir.

2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Amendment is futile when the claim

as amended cannot "withstand a motion to dismiss pursuant to Rule 12(b)(6)," and "[i]n deciding

whether an amendment is futile, the court uses the same standard as those governing the

adequacy of a filed pleading."  *MacEntee v. IBM*, No. 08-7491, 2011 WL 812395, at *8

(S.D.N.Y. Mar. 3, 2011) (internal quotation marks omitted).  Where the problem with a claim "is

substantive . . . better pleading will not cure it," and "[r]epleading would thus be futile."  *Cuoco*

*v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Leave may also be denied where the party fails

to identify with sufficient specificity the facts that would save his complaint were he granted

permission to amend.  *See Arnold v. KPMG LLPC*, 334 F. App'x 349, 352-53 (2d Cir.), *cert.*

*denied*, 130 S. Ct. 503 (2009).

      In a written Order subsequent to the filing of the original Complaint, Plaintiff was

advised in detail regarding the deficiencies in his Complaint and how to amend it so that it would

survive a motion to dismiss.  (Doc. 3.)  After the filing of the Amended Complaint, defense

counsel wrote a letter to the Court seeking a pre-motion conference and setting out the respects

in which Defendants alleged the Amended Complaint failed to state a claim.  (Doc. 12.)  The

matter was discussed at a pre-motion conference on October 8, 2010, at which the Court gave

Plaintiff leave to amend again if there was any further information he wished to include in light

of the issues raised by Defendants in their letter.  (*See* Oct. 8, 2010 docket entry.)

      That Plaintiff was provided notice of his pleading deficiencies and the opportunity to

cure them is sufficient ground to deny leave to amend *sua sponte*.  *See, e.g.*, *Ruotolo*, 514 F.3d at

191 (affirming denial of leave to amend "given the previous opportunities to amend"); *In re*

*Eaton Vance Mut. Funds Fee Litig.*, 380 F. Supp. 2d 222, 242 (S.D.N.Y. 2005) (denying leave to

amend because "the plaintiffs have had two opportunities to cure the defects in their complaints,

including a procedure through which the plaintiffs were provided notice of defects in the

Consolidated Amended Complaint by the defendants and given a chance to amend their

Consolidated Amended Complaint"), *aff'd sub nom. Bellikoff v. Eaton Vance Corp.*, 481 F.3d

110, 118 (2d Cir. 2007) (plaintiffs "were not entitled to an advisory opinion from the Court

informing them of the deficiencies in the complaint and then an opportunity to cure those

deficiencies") (citations and internal quotation marks omitted).  Moreover, with the exception of

one fact discussed in footnote 3 above, Plaintiff has not indicated in his opposition papers that he

is in possession of additional facts that would cure the deficiencies identified in this opinion.

Nor has he requested the opportunity to amend again.  *See Gallop v. Cheney*, 642 F.3d 364, 369

(2d Cir. 2011).

While courts should be more lenient when considering a *pro se* party's motion to amend than

that of a represented party, *see In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008), leave to amend is

properly denied where all indications are that the *pro se* plaintiff will be unable to state a valid

claim, *see Valle v. Police Dep't Cnty. of Suffolk Cent. Records*, No. 10-2847, 2010 WL 3958432,

at *2 (E.D.N.Y. Oct. 7, 2010).  Plaintiff has repeatedly failed to cure the defects in his claims

despite having received detailed instructions and despite the bases of the dismissals having been

specified in advance, and he has not identified any additional facts he could advance now that

would address these defects.  Accordingly, nothwithstanding Plaintiff's *pro se* status, leave to

amend yet again is denied.  *See Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137  (2d Cir.

2010) (denial of leave to amend affirmed where *pro se* plaintiff had already had opportunity to

amend once and made no specific showing as to how he would remedy defects in complaint);

*Dyson v. N.Y. Health Care, Inc.*, 353 F. App'x 502, 503 (2d Cir. 2009) (affirming dismissal with

11

prejudice where *pro se* plaintiff failed to plead sufficient facts to plausibly state claim after several opportunities to amend and detailed instructions regarding what was required).

<u>Conclusion</u>

For the reasons stated above, the Second Amended Complaint is dismissed with prejudice. The Clerk of the Court is respectfully directed to terminate the pending motion, (Doc. 20), and close the case.

**SO ORDERED.**

Dated: July 22, 2011
       White Plains, New York

CATHY SEIBEL, U.S.D.J.